UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                     :

ROBERT CAUDY,                         :

                                 :      **ORDER GRANTING MOTION**

                      Plaintiff,       :      **FOR ATTORNEYS' FEES**

       v.                           :

                                 :      13 Civ. 2314 (AKH)

CAROLYN COLVIN, Acting Commissioner of   :

Social Security,                     :

                                 :

                     Defendant.      :

                                 :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

           After an Administrative Law Judge ("ALJ") denied Plaintiff disability benefits, he

brought an action seeking review of the decision.  The action was remanded back to the

Commissioner of Social Security (the "Commissioner").  Now that administrative proceedings

have been resolved in Plaintiff's favor, his attorney seeks an award of attorneys' fees pursuant to

42 U.S.C. § 406(b).  For the reasons described herein, I approve the requested fee award of

$42,590.00.

## BACKGROUND

           Plaintiff Robert Caudy brought this action pursuant to 42 U.S.C. § 405(g), seeking

review of an ALJ decision denying him disability benefits under the Social Security Act, 42

U.S.C. § 401 *et seq.*  When Plaintiff's motion for judgment on the pleadings was partially

briefed, the parties stipulated to and the Court ordered remand of the action under "sentence

four" of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.

Stipulation & Order of Remand (Sept. 4, 2014), ECF No. 16; *see also* 42 U.S.C. § 405(g) ("The

court shall have power to enter, upon the pleadings and transcript of the record, a judgment

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

without remanding the cause for a rehearing."). The Clerk of Court entered judgment accordingly. Judgment (Sept. 4. 2014), ECF No. 17.

Caudy's attorney, Irwin M. Portnoy, timely filed an application for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993) (holding that sentence-four remand is final judgment triggering clock for brining fee application under EAJA). By stipulation, the Commissioner agreed to pay $7,150 in attorneys' fees. Stipulation and Order (Jan. 13, 2015), ECF No. 22.

On remand, the Appeals Council of the Social Security Administration vacated the ALJ's decision denying benefits and remanded to the ALJ for further proceedings. Portnoy 2020 Aff. Ex.[1] 1. The Social Security Administration ultimately determined that Caudy was entitled to disability benefits and awarded past-due benefits dating back to 2009, for a total of over $200,000.[2] Portnoy 2020 Aff. Ex. 2 at 1-2. The Social Security Administration withheld $65,815.65 pending a determination by the Court regarding how much Portnoy will receive in fees. *Id.* at 2.

Portnoy now brings a motion for attorneys' fees under 42 U.S.C. § 406(b), seeking approval of $42,590.00 in fees. At the outset of Portnoy's representation in this matter, Caudy agreed to a contingent fee arrangement under which Portnoy's fees shall be the greater of 1) 25% of any past-due benefits awarded, or 2) the amount obtained from the Commissioner under the EAJA. Portnoy 2014 Aff. Ex.[3] 1. According to billing records, Portnoy and his

---

[1] "Portnoy 2020 Aff. Ex." refers to an exhibit annexed to the Affirmation of Irwin M. Portnoy, dated April 2, 2020, which was filed in support of the pending motion for attorneys' fees. ECF No. 24.

[2] Neither the briefs nor the supporting materials provided by Portnoy state the total amount of past-due benefits awarded. Calculating a total based on the adjusted monthly rates on pages 1-2 of the award letter yields a sum of $237,569.10. However, the letter also states that the Social Security Administration generally withholds 25% of an award pending the determination of attorneys' fees. $65,815.65, the amount withheld here, is 25% of $263,262.60. For purposes of this motion, I assume Caudy was awarded $237,569.10 in past-due benefits. Regardless, using either figure, the requested fees represent well under 25% of the past-due benefit award.

[3] "Portnoy 2014 Aff. Ex." refers to an exhibit annexed to the Affirmation of Irwin M. Portnoy, dated September 5, 2014, which was filed in support of the prior motion for attorneys' fees under the EAJA. ECF No. 19.

colleague Christopher Bowes performed 42.4 hours of work for litigation in this Court.  Portnoy 2014 Aff. Ex. 4.  They spent the bulk of that time preparing the motion for judgment on the pleadings and negotiating remand to the Commissioner.

## DISCUSSION

"Whenever a court renders a judgment favorable to a claimant under [the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  Unlike EAJA fees, which are paid by the Government, Section 406(b) fees are paid out of the claimant's past-due benefits.[4]  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002).

The Supreme Court has held that Section 406(b) "does not displace contingent-fee agreements," so long as those arrangements keep fees within the 25% cap.  *Id.* at 808-09 (reversing judgment where court rejected fee agreement and used lodestar method).  In a case such as this one, where counsel is operating under a fee agreement, my role is to "review for reasonableness fees yielded by [the] agreement[ ]."  *Id.*  In assessing reasonableness, courts consider:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 657-58 (S.D.N.Y. 2018) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

---

[4] Fees may be awarded under both the EAJA and Section 406(b), but counsel must refund the claimant the lesser of the two.  *Gisbrecht*, 535 U.S. at 796.

Portnoy's requested fee of $42,590.00 represents approximately 17.93% of Caudy's past-due benefits, falling under the statutory cap and under the percentage to which Caudy agreed.  The requested fee is not out of line with the character of the representation or the results achieved.  Portnoy negotiated a sentence-four remand and achieved a favorable result for Caudy on remand.  There also has not been any suggestion that counsel unreasonably delayed proceedings.

The more challenging question is whether the requested fees constitute a windfall. As to this factor, courts consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57)).  They also take into account the amount of the award in comparison to the amount of time spent on the case.  *Id.* at 323.

Here, counsel's efforts were successful in obtaining a sentence-four remand and an award of past-due benefits even where benefits were previously denied.  *See id.* at 324.  While the complaint was only four pages long and mostly boilerplate, the motion for judgment on the pleadings featured extensively developed facts and tailored legal arguments.  As in another case where the Court granted a similar fee award, "[t]he brief contained many citations to the record and asserted valid legal arguments, which ultimately may have convinced the Commissioner to stipulate to a remand rather than file an opposition."  *Morrison v. Saul*, No. 16-CV-4168 (OTW), 2019 WL 6915954, at *2 (S.D.N.Y. Dec. 19, 2019).  Portnoy has practiced in this area since 1989, and before that, he gained unique experience by serving as an ALJ for nearly a decade. Portnoy 2014 Aff. Ex. 2.  As a result of his experience, I can infer that he was able to handle this

4

case more effectively and efficiently than a less experienced attorney.  I also account for the fact that Portnoy represented Caudy for several years, through multiple proceedings, without the guarantee that a recovery would result.

On the other hand, an award of $42,590.00 for 42.4 hours of work is a *de facto* hourly rate of $1,004.48, a steep sum.  Still, courts in this district have approved Section 406(b) awards at similar and even higher rates.  *See, e.g.*, *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (approving fee award at *de facto* hourly rate of $1,506.32); *Morrison v. Saul*, No. 16-CV-4168 (OTW), 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fee award at *de facto* hourly rate of $935.52); *Torres v. Colvin*, No. No. 11 Civ. 5309(JGK), 2014 WL 909765, at *3-6 (S.D.N.Y. Mar. 6, 2014) (approving fee award at *de facto* hourly rate of $1,000 and collecting cases approving similar awards).  As the Court highlighted in *Morrison*, rejecting an award based solely on the *de facto* hourly rate would ignore the numerous other objectives this scheme was intended to promote, including efficient work by experienced attorneys, appreciation for the risks involved in Social Security cases, incentive to represent litigants who could not otherwise afford counsel, and respect for fee agreements.  2019 WL 6915954, at *3; *see also Bate*, 2019 WL 6915954, at *3 ("[I]t is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b)."); *Blizzard*, 496 F. Supp. 2d at 325 ("[A] reduction in the agreed-upon contingency amount should not be made lightly.").  In light of these considerations, I deem a fee award of $42,590.00 to be reasonable.

## CONCLUSION

In conclusion, counsel's motion for attorneys' fees is granted.  I approve an attorney fee award of $42,590.00.  The Commissioner shall pay Plaintiff's counsel $42,590.00 out of Plaintiff's past-due benefits.  Upon receipt of the award, Plaintiff's counsel shall refund

$7,150, the amount previously awarded under the EAJA, to Plaintiff.  *Gisbrecht*, 535 U.S. at 796

("Fee awards may be made under both [Section 406(b) and the EAJA], but the claimant's

attorney must refund to the claimant the amount of the smaller fee.").  The Clerk shall close the

open motion, ECF No. 23, and keep the case closed.

          SO ORDERED.

Dated:      September 9, 2020           _____/s/ Alvin K. Hellerstein_____
            New York, New York            ALVIN K. HELLERSTEIN
                                       United States District Judge